# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HARDY STORAGE COMPANY, LLC.,

      PLAINTIFF,

*vs*.                                                  CIVIL ACTION NO. 2:06CV7

AN EASEMENT TO CONSTRUCT, OPERATE,
AND MAINTAIN 12-INCH AND 20-INCH GAS
TRANSMISSION PIPELINES ACROSS
PROPERTIES IN HARDY COUNTY, WEST
VIRGINIA, OWNED BY LARRY GENE AND
ANNA COMBS, DONALD G. AND MARIA
COMBS (TAX MAP 347 P.15); VIVIAN M.
COMBS, PHYLLIS M. COMBS, MICHAEL
HALL COMBS, LARRY GENE COMBS, GARY
WAYNE COMBS, DONALD GRANVILLE
COMBS AND LEON DALTON COMBS (TAX
MAP 347 P.5 AND P.9); JAMES M. AND
VIRGINIA T. RUPERT, MARY ELLEN
WOOTEN, AND HENRY T. RUPERT (TAX
MAP 347 P.3 AND P.4); JAMES M. AND
VIRGINIA T. RUPERT, HENRY T. RUPERT,
AND MARY ELLEN WOOTEN (TAX MAP 327 P.6);
ALVIN KENNETH THOMPSON (TAX MAP 228 P.30
AND 229 P. 15.1); KEYVAN RAFEI (TAX MAP 427 P.1)
and UNKNOWN PERSONS AND INTERESTED PARITES,

      DEFENDANTS.

## OPINION/REPORT AND RECOMMENDATION

On the 29th day of March, 2006 came the Plaintiff by Michael S. Dingman, one of its counsel of record, Leon Dalton Combs, *pro se* and the remaining Combs, Rupert and Wooten Defendants by Harry Smith, their counsel for expedited hearing on Plaintiff's Motion For Partial Summary Judgment and Immediate Access and Possession of Easements Condemned For Pipeline Construction and Replacement. No other parties made appearances.

At the outset of the hearing the Court, by the undersigned Magistrate Judge, advised counsel

for the parties present that the matter had been referred by the District Judge for full pre-trial development. The undersigned further advised counsel that his authority over the pending motion was limited pursuant to 28, U.S. C. §636. The undersigned further advised the parties and counsel that because the motion sought partial summary judgment and what is commonly called a right of entry on condemned lands, any decision would be submitted to the District Judge by report and recommendation.

The undersigned recognizes the time dilemma Plaintiff faces, but is powerless to change the procedure established by Congress in creating the Magistrate Judge system of limited jurisdiction judicial officers. Earlier filings may have avoided Plaintiff's consternation.

Michael S. Dingman advised the Court that he was not yet admitted to practice before the District Court for the Northern District of West Virginia; was not licensed in the State of West Virginia; and was in the process of complying with but had not completed compliance with L.R.Gen.P. 83.02. Upon inquiry to the *pro se* party and attorney Harry Smith it was determined that they each had no objection to the Court permitting Michael S. Dingman to make a limited appearance to present Plaintiff's Motion. The Court then admonished Michael S. Dingman to fully comply with L.R.Gen.P. 83.02.

Thereupon, the Court inquired of and determined from all present on the record with respect to the following:

1) No one had objection to the Court's jurisdiction under F.R.Civ.P. 71A and 15 U.S.C. 717(h) (Natural Gas Act).

2) No one contends that FERC did not issue Plaintiff a certificate of convenience and necessity under 15 U.S.C. 717 -772 on November 1, 2006.

3) No one contested that FERC made a prior determination that the easements sought in this

condemnation proceeding were necessary to the pipelines and appurtenant structures described in Plaintiff's Complaint and depicted on the plans attached thereto.

4) No one appealed FERC's prior determination that the easements sought in this condemnation proceeding were necessary to the pipelines and appurtenant structures described in Plaintiff's Complaint and depicted on the plans attached thereto.

5) No agreements of settlement of the issues raised by the pending motions had been reached and particularly no agreements had been reach with respect to the taking sought by Plaintiff in this action or the fair and just compensation that Plaintiff should pay for that which is being taken.

6) No one objected to Plaintiff's Motion being granted and Plaintiff being given an immediate right of entry to the properties and interests in properties being condemned in this action as described in Plaintiff's complaint and as depicted on the plans attached thereto provided:

    a) Plaintiff posted an appropriate bond prior to entry on the lands taken for construction and

    b) Plaintiff's construction on the condemned lands be limited to:

        1) the properties and interests in properties described in Plaintiff's complaint and as depicted on the plans attached thereto and

        2) the easements on the properties and interests in properties described in Plaintiff's complaint and as depicted on the plans attached thereto and

        3) the pipelines and other improvements to be constructed on the easements be as described in Plaintiff's complaint and as depicted on the plans attached thereto.

Counsel for Plaintiff proffered that the pipelines and other improvements to be constructed

would be constructed on the easements on the properties and interests in the properties all as described in Plaintiff's Complaint and as depicted on the plans attached thereto. Counsel represented there would be no greater or other or different encumbrance or burden placed on the easements on the properties and interests in the properties being taken than were described in Plaintiff's Complaint and as depicted on the plans attached thereto.

Counsel for Plaintiff proffered that his appraisers had determined the fair value for the interests being taken on the Comb's properties is $17,895.00; for the interests being taken on the Ruppert properties is $29,984.00; and for the interests being taken on the Thompson properties is $8,259.00 for an aggregate of $56,138.00 which Plaintiff offered to pay into Court as bond. Counsel for the Defendants and the *pro se* Defendant did not object to Plaintiff being ordered to post a bond prior to entering onto the lands to be taken to begin construction in the amount of $56,138.00.

Based on the foregoing and the matters of record in the within action, the undersigned Magistrate Judge finds and concludes the following:

1) The Court has jurisdiction over this condemnation proceeding pursuant to F.R.Civ.P. 71A and 15 U.S.C. 717(h) (Natural Gas Act).

2) FERC issued Plaintiff a certificate of convenience and necessity under 15 U.S.C. 717 *et seq* on November 1, 2006.

3) FERC made a prior determination that the easements sought in this condemnation proceeding were necessary to the pipelines and appurtenant structures described in Plaintiff's Complaint and depicted on the plans attached thereto.

4) No one appealed FERC's prior determination that the easements sought in this condemnation proceeding were necessary to the pipelines and appurtenant structures described in Plaintiff's Complaint and depicted on the plans attached thereto.

5) This Court does not have power to look behind FERC's prior determinations particularly with respect to whether Plaintiff is empowered to seek lands by condemnation and whether the taking for the purposes described in the Complaint and depicted in the plans attached thereto is for a public need.

6) No agreements had been reached with respect to the taking sought by Plaintiff in this action or the fair and just compensation that Plaintiff should pay for that which is being taken.

7) The defenses asserted by the *pro se* Defendant, Leon Dalton Combs (complaints about lack of appropriate notice) do not preclude Partial Summary Judgment.

8) The additional burdens on many of the easements sought in the within condemnation proceeding will be minimal given that the gas transmission lines sought to be installed will replace already existing high pressure gas transmission lines.

9) The sum of $56,138.00 is a fair and reasonable bond to be paid into Court by Plaintiff prior to its entering onto the lands being taken to begin construction.

10) Plaintiff is entitled by law and fact to an Order substantially in the manner and form incorporated herein granting it immediate access to and possession of the easements described in Plaintiff's Complaint and depicted on the plans attached thereto for the uses and purposes described in Plaintiff's Complaint and as depicted on the plans attached thereto, including by not limited to the Repeater Tower on Property Tax Map 327, p.6.

The undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Motion For Partial Summary Judgment and Immediate Access and Possession of Easements Condemned For Pipeline Construction and Replacement (Docket Entry 16) be **GRANTED.** The undersigned Magistrate Judge further **RECOMMENDS** that an Order substantially in the following form be entered **GRANTING** Plaintiff immediate access to and possession of the easements described in Plaintiff's

Complaint and depicted on the plans attached thereto for the limited uses and purposes described in Plaintiff's Complaint and as depicted on the plans attached thereto, including by not limited to the Repeater Tower on Property Tax Map 327, p.6. The undersigned Magistrate Judge further **RECOMMENDS** that Plaintiff be required to post a bond with the Clerk of this Court in the sum of $56,138.00 prior to its entering onto the lands being taken to begin construction.

**FORM OF PROPOSED ORDER**

And now, this _____ day of _____, 2006, upon consideration of Plaintiff's Motion for Partial Summary Judgment and Immediate Access and Possession of Easements Condemned for Pipeline Replacement, it is hereby ORDERED that the motion is granted [Docket Entry 16]. Immediate access and possession of the property condemned on the properties owned by Defendants, Larry Gene and Anna Combs, Donald G. and Maria Combs, Vivian M. Combs, Phyllis M. Combs, Michael Hall Combs, Gary Wayne Combs, Leon Dalton Combs, James M. and Virginia T. Rupert, Mary Ellen Wooten, Henry T. Rupert, and Alvin Kenneth Thompson, as described in the Complaint and as depicted on the plans attached to the Complaint is granted to the Plaintiff, conditioned upon the Plaintiff posting a bond in the amount of $56,138.00 prior to its entering onto the lands being taken to begin construction. Thereafter Plaintiff may proceed with clearing for the replacement of the existing pipeline and construction, operation, and maintenance of the new pipeline and all appurtenances and related facilities, including the repeater tower limited to and as described in the Complaint and depicted on the plans attached to the Complaint along the easement and right of way also described in the Complaint and also depicted on the plans attached to the Complaint.

Any party may, within ten (10) days after being served with a copy of this Report and

Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States Senior District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 30 day of March, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE