IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARDY STORAGE COMPANY, LLC,**

    **Plaintiff,**

    vs.                              **CIVIL ACTION NO. 2:06 CV 7**
                                                    **(Maxwell)**

**AN EASEMENT TO CONSTRUCT, OPERATE
AND MAINTAIN 12-INCH AND 20-INCH GAS
TRANSMISSION PIPELINES ACROSS
PROPERTIES IN HARDY COUNTY, WEST
VIRGINIA, OWNED BY LARRY GENE AND
ANNA COMBS, DONALD G. AND MARIA
COMBS (TAX MAP 347 P. 15); VIVIAN M.
COMBS, PHYLLIS M. COMBS; MICHAEL
HALL COMBS, LARRY GENE COMBS, GARY
WAYNE COMBS, DONALD GRANVILLE
COMBS and LEON DALTON COMBS (TAX
MAP 347 P. 5 AND P. 9); JAMES M. AND
VIRGINIA T. RUPERT, MARY ELLEN
WOOTEN, and HENRY T. RUPERT (TAX
MAP 347 P. 3 AND P. 4); JAMES M. AND
VIRGINIA T. RUPERT, HENRY T. RUPERT
AND MARY ELLEN WOOTEN (TAX MAP 327
P. 6); ALVIN KENNETH THOMPSON (TAX
MAP 228 P. 30 AND 229 P. 15.1); KEYVAN
RAFEI (TAX MAP 427 P. 1) and UNKNOWN
PERSONS AND INTERESTED PARTIES,**

    **Defendants.**

## O R D E R

      By Order entered March 24, 2006 (*See* Docket No. 24), the pre-trial development of the above-styled civil action, including Plaintiff's Motion For Partial Summary Judgment And Immediate Access And Possession Of Easements Condemned For Pipeline Replacement And Construction (Docket No. 16) and Plaintiff's Motion For Expedited Hearing On Motion For Partial Summary Judgment And Immediate Access And Possession Of Easements Condemned For Pipeline Construction And Replacement (Docket No. 17), and any further dispositive or non-dispositive motions filed herein, were referred to United

States Plaintiff's Magistrate John S. Kaull pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 7.02(c) of the Local Rules of Civil Procedure.

By Order entered March 27, 2006, Magistrate Judge Kaull granted the Plaintiff's Motion For Expedited Hearing On Motion For Partial Summary Judgment And Immediate Access And Possession Of Easements Condemned For Pipeline Construction And Replacement, and the expedited hearing was conducted by Magistrate Judge Kaull on March 29, 2006.

On March 31, 2006, Magistrate Judge Kaull entered an Opinion/Report And Recommendation (*See* Docket No. 27) in the above-styled civil action, wherein he recommended that the Plaintiff's Motion For Partial Summary Judgment And Immediate Access And Possession Of Easements Condemned For Pipeline Construction And Replacement be granted; that an Order substantially in the form set forth in said Opinion/Report And Recommendation be entered granting the Plaintiff immediate access to and possession of the easements described in the Plaintiff's Complaint and depicted on the plans attached thereto for the limited uses and purposes described in the Plaintiff's Complaint and as depicted on the plans thereto, including, but not limited to, the Repeater Tower on Property Tax Map 327, p. 6; and that the Plaintiff be required to post a bond with the Clerk of this Court in the sum of $56,138.00, prior to its entering onto the lands being taken to begin construction.

Magistrate Judge Kaull's Report And Recommendation expressly advised the parties, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections to said Report And Recommendation within ten (10) days after being served with a copy of the same.

*Pro Se* Defendant Leon Dalton Combs' Objections To Opinion/Report And Recommendation were filed in the above-styled civil action on April 10, 2006 (*See* Docket

No. 28).

In his first objection to Magistrate Judge Kaull's March 31, 2006, Opinion/Report And Recommendation, *pro se* Defendant Leon Dalton Combs objects to the Magistrate Judge's reference to "possession of the property condemned" and suggests that that phrase implies that a condemnation decision has already been issued in the above-styled civil action. As noted by Magistrate Judge Kaull in findings 1 through 5 of his Opinion/Report And Recommendation, the Federal Energy Regulatory Commission issued the Plaintiff a certificate of public convenience and necessity under 15 U.S.C. §§ 711, *et seq.*, on November 1, 2005[1]; prior to issuing the certificate of public convenience and necessity, the Federal Energy Regulatory Commission made a prior determination that the easements sought in this condemnation proceeding were necessary for the construction of the pipelines and appurtenant structures described in the Plaintiff's Complaint and depicted on the plans attached thereto; the Federal Energy Regulatory Commission's determination that the easements sought were necessary for the construction of the pipelines and appurtenant structures described in the Plaintiff's Complaint and depicted on the plans attached thereto was not appealed; and this Court does not have the power to look beyond the Federal Energy Regulatory Commission's prior determinations, particularly with regard to the issue of whether the Plaintiff is empowered to seek lands by condemnation and the issue of whether the taking in question is for a public need. Accordingly, the use of the phrase "possession of the property condemned" is not inappropriate because, pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), the Plaintiff, as the holder of a certificate of public convenience and necessity, has the authority to condemn those property rights necessary to construct, operation, and maintain a pipeline or pipelines for the transportation of natural gas. While a "condemnation

---

[1] As recognized by *pro se* Defendant Leon Dalton Combs in his seventh objection, the Opinion/Report And Recommendation states that the certificate of public convenience and necessity was issued by FERC on November 1, 2006, when it was, in fact, issued on November 1, 2005. It is clear to the Court that the references to November 1, 2006, in the Opinion/Report And Recommendation are mere typographical errors.

decision" has not already been issued in the above-styled civil action as the Plaintiff asserts in his first objection, the Plaintiff's position as to what easements are necessary for the construction of the pipelines and appurtenant structures described in the Plaintiff's Complaint and the plans attached thereto was determined to be appropriate and in the public interest by the Federal Energy Regulatory Commission. The record before the Court reveals that none of the Defendants, including *pro se* Defendant Leon Dalton Combs, has raised any appropriate challenge to the Plaintiff's authority under 15 U.S.C. § 717f(h) to condemn the property interests in question, and, accordingly, the only issue remaining for this Court's resolution is the issue of just compensation for those property interests being condemned.

In his second objection to Magistrate Judge Kaull's Opinion/Report And Recommendation, *pro se* Defendant Leon Dalton Combs asserts that, if this Court grants the Plaintiff immediate access without establishing specific parameters regarding the number and size of removed trees and the clearing of easements, it will "render Defendants right to fair and just compensation virtually impossible to present to the court."

As a preliminary matter, the Court would note that Magistrate Kaull's Opinion/Report And Recommendation indicates that, during the March 27, 2006, hearing, no one, including Mr. Combs, who was, in fact, present, objected to the Plaintiff being given an immediate right of entry to the properties and interests in properties being condemned in this action, as described in the Plaintiff's Complaint and the plans attached thereto, provided that the Plaintiff posted an appropriate bond and provided that the construction would be limited to the properties and interests in properties described in the Plaintiff's Complaint and the plans attached thereto; the easements on the properties and interests in properties described in the Plaintiff's Complaint and the plans attached thereto; and the pipelines and other improvements to be constructed on the easements described in the Plaintiff's Complaint and the plans attached thereto.

The Court would further note that, as recognized by the Plaintiff in its Memorandum Of Law In Support Of Motion For Partial Summary Judgment And Immediate Access And Possession Of Easements Condemned For Pipeline Construction And Replacement And Motion For Expedited Hearing, Rule 71A of the Federal Rules of Civil Procedure governs all condemnation actions under federal law and provides for what is, essentially, a bifurcated procedure wherein the first phase resolves objections to the taking and the second phase resolves the issue of just compensation for the property interests taken. As previously noted, because no Defendant has challenged the Plaintiff's authority under 15 U.S.C. § 717f(h) to condemn the property interests in question, it is entirely appropriate for the Plaintiff to be granted immediate access to and possession of the easements in question. As the United States Court of Appeals for the Fourth Circuit held in the case of East Tenn. Natural Gas Co. v. Sage, 361 F.3d 808 at 831 (2004), "once a district court determines that a gas company has the substantive right to condemn property under the NGA [Natural Gas Act], the court may use its equitable power to grant the remedy of immediate possession . . . ." In light of the authority granted to the Plaintiff by the November 1, 2005, certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission, and the power of eminent domain granted to the Plaintiff by 15 U.S.C. § 717f(h), this Court lacks the authority to establish specific parameters regarding the number and size of removed trees and the clearing of easements, as Mr. Combs suggests.

In his third objection to Magistrate Judge Kaull's Opinion/Report And Recommendation, *pro se* Defendant Leon Dalton Combs asserts that the easements and rights-of-way in question are not specific as to the size of all of the areas to be cleared and that the clearing of these areas and the specific sizes thereof are not identified on Drawing #B-2216. In this regard, he asserts that the Plaintiff does not have the right to clear anymore than is specifically called for on the plans attached to the Complaint.

5

Mr. Combs is correct that the Plaintiff does not have the right to clear anymore property than is specifically called for in the Complaint and the plans attached thereto. Mr. Combs is also correct that Drawing #B-2216 does not identify the sizes of the easements and rights-of-way in question. Nevertheless, a review of Exhibits C through H, which are attached to the Complaint and referred to by the Plaintiff as "brief explanations of the rights to be condemned and drawings", reveals that said exhibits are very specific with regard to the sizes and locations of the easements and rights-of-way in question. For instance, Exhibit D to the Plaintiff's Complaint deals with the tract of property in which Mr. Combs has a remainder interest, and describes the property interests to be taken as follows:

> New permanent and temporary right-of-way totaling 0.75 acres of permanent right-of-way and 1.12 acres of temporary construction right-of-way is required to replace existing Line T-14 with a new 20-inch Line X78-M1 and for the construction of a 12-inch Line X78-F2. In addition, temporary, non-exclusive access to an existing road is required for equipment and pipe to be taken to the right-of-way and permanent, non-exclusive access to another existing road is required both for construction and for on-going maintenance and operation of the pipelines. See the attached map for additional detail.

When the "brief explanation of the rights to be condemned" found at Exhibit D is read in conjunction with Drawing #B-2216, the Court believes that the Plaintiff has very clearly identified the sizes of the easements and rights-of-way in question.

In his fourth objection to Magistrate Judge Kaull's Opinion/Report And Recommendation, *pro se* Defendant Leon Dalton Combs advises that he does not agree with the existing right-of-way area noted on Drawing #B-2216 and asserts that the Plaintiff has only the right to clear the proposed areas on Drawing #B-2216. In this regard, Mr. Combs asserts that the Plaintiff is assuming that it has a 50-foot right-of-way and that it should be required, instead, to obtain a boundary survey to verify the lands to be taken by easements.

With regard to his fourth objection, the Court believes that Mr. Combs reliance on the fact that Plat #B-2216 does not, as it states on its face, constitute a boundary survey is misplaced. Plat #B-2216 does reflect a 50-foot existing right-of-way; however, the Plaintiff is not simply "assuming" that this is the size of the existing right-of-way. As noted in the first paragraph of its Complaint, the Plaintiff is obtaining the existing right-of-way from its operator, Columbia Gas Transmission Corporation, and Columbia Gas Transmission Corporation has owned, operated, and maintained a ten-inch natural gas pipeline (Line T–14) across all but one of the properties to be condemned for over 40 years. Thus, the size of the existing right-of-way is not being assumed by the Plaintiff but is taken from the document(s) granting this right-of-way to Columbia Gas Transmission Corporation.

In his fifth objection to Magistrate Judge Kaull's Opinion/Report And Recommendation, *pro se* Defendant Leon Dalton Combs asserts that, if the Court grants the Plaintiff's Motion For Partial Summary Judgment And Immediate Access And Possession Of Easements Condemned For Pipeline Construction And Replacement, the Court's Order should contain guidelines to protect the Defendants' right to engage in certain activities on their properties. As previously noted, it is not the place of this Court to dictate to the Plaintiff how it will use those property interests that it is lawfully entitled to condemn pursuant to the November 1, 2005, certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission, and pursuant to the authority vested in the Plaintiff by 15 U.S.C. § 717f(h), with the exception that any Order entered by this Court will, as Magistrate Kaull recommends in his Opinion/Report And Recommendation, limit such use to the properties and interests in properties described in the plaintiff's Complaint and the plans attached thereto; the easements on the properties and interests in properties described in the Plaintiff's Complaint and the plans attached thereto; and the pipelines and other improvements to be constructed on the easements described in the Plaintiff's Complaint and the plans attached thereto. In this regard, the Court would note that

Paragraph 11 of the Plaintiff's Complaint expressly provides as follows, in pertinent part:

> The pipelines, except for risers, valves, drips, hydrate removal systems and other appurtenances reasonably required, shall be buried so as not to interfere with the cultivation of the land. The landowners may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with or obstruct Hardy's rights described in this Complaint.

In his sixth objection to Magistrate Judge Kaull's Opinion/Report And Recommendation, *pro se* Defendant Leon Dalton Combs asserts that the statements made by Magistrate Judge Kaull in Paragraphs 5 and 6 on page 3 of his Opinion/Report And Recommendation are contradictory. In this regard, Mr. Combs points out that he did, in fact, file an Answer to the Plaintiff's Complaint and asserts that, if no agreement has been reached with respect to the proposed taking, then it was incorrect for Magistrate Judge Kaull to refer to construction being undertaken on the properties being condemned.

The Court believes that, in his sixth objection, Mr. Combs has, as he did in his second objection, failed to recognize that federal condemnation proceedings have two phases. As previously noted, the first phase resolves objections to the taking and the second phase resolves the issue of just compensation for the property interests taken. None of the Defendants, including Mr. Combs, has raised an appropriate objection to the Plaintiff's authority to take or condemn the property interests in question; accordingly, this civil action is ready to proceed to the second phase, where a determination will be made as to the just compensation for the property interests taken. The Court finds nothing contradictory in the statements made by Magistrate Judge Kaull in Paragraphs 5 and 6 on page 3 of his Opinion/Report And Recommendation.

In his seventh and final objection to Magistrate Judge Kaull's Opinion/Report And

Recommendation, *pro se* Defendant Leon Dalton Combs points out that said Opinion/Report And Recommendation incorrectly states that the certificate of public convenience and necessity was issued by the Federal Energy Regulatory Commission on November 1, 2006. As noted in footnote 1 above, the Court believes that it is clear that the references to the certificate of public convenience and necessity having been issued by the Federal Energy Regulatory Commission on November 1, 2006, rather than November 1, 2005, are mere typographical errors.

Upon an independent *de novo* consideration of all matters now before the Court, the Court is of the opinion that Magistrate Judge Kaull's March 31, 2006, Opinion/Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this civil action. Accordingly, it is

**ORDERED** that the Opinion/Report And Recommendation entered by United States Magistrate Judge John S. Kaull on March 31, 2006 (Docket No. 27), be, and the same hereby is, **ACCEPTED** in whole.

The Court will, by separate Order, grant the Plaintiffs' Motion For Partial Summary Judgment And Immediate Access And Possession Of Easements Condemned For Pipeline Construction And Replacement (Docket No. 16); grant the Plaintiff immediate access to and possession of the easements described in the Plaintiff's Complaint and depicted on the plans attached thereto, for the limited uses and purposes described in said Complaint and as depicted on the plans attached thereto, including, but not limited to, the Repeater Tower on Property Tax Map 327, p. 6; and require the Plaintiff to post with the Clerk of this Court a bond in the sum of $56,138.00 prior to entering onto the lands being taken to begin construction.

The Clerk of Court is directed to transmit copies of this Order to United States Magistrate Judge John S. Kaull; to counsel of record; and to the parties if no counsel have appeared on their behalf.

**ENTER:** April   12  , 2006

        **/S/ Robert E. Maxwell**
United States District Judge