IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA



HARDY STORAGE COMPANY, LLC,

    Plaintiff,

v.     //     CIVIL ACTION NO. 2:06CV7
                  (Judge Keeley)

AN EASEMENT TO CONSTRUCT,
OPERATE AND MAINTAIN 12-INCH
AND 20-INCH GAS TRANSMISSION
PIPELINES ACROSS PROPERTIES
IN HARDY COUNTY, WEST VIRGINIA,
ET AL,

    Defendants.

//

HARDY STORAGE COMPANY, LLC,

    Plaintiff,

v.     //     CIVIL ACTION NO. 2:07CV5
                  (Judge Keeley)

PROPERTY INTERESTS NECESSARY TO
CONDUCT GAS STORAGE OPERATIONS
IN THE ORISKANY SANDSTONE
SUBTERRANEAN GEOLOGICAL FORMATION
BENEATH PROPERTIES LOCATED IN HARDY
AND HAMPSHIRE COUNTIES, ET AL.,

    Defendants.

//

HARDY STORAGE CO. v. AN EASEMENT, ET AL.

2:06CV7
2:07CV5
2:07CV11

ORDER REGARDING PROPOSED USE OF COMMISSION
AND SCHEDULING STATUS CONFERENCE

**HARDY STORAGE COMPANY, LLC,**

      Plaintiff,

v.                         //    CIVIL ACTION NO. 2:07CV11
                                    (Judge Keeley)

**PROPERTY INTERESTS NECESSARY
TO DRILL WELLS TO CONDUCT GAS
STORAGE OPERATIONS IN THE
ORISKANY SANDSTONE SUBTERRANEAN
GEOLOGICAL FORMATION BENEATH
PROPERTIES LOCATED IN HARDY
COUNTY, ET AL.,**

      Defendants.

## ORDER REGARDING PROPOSED USE OF COMMISSION
## AND SCHEDULING STATUS CONFERENCE

On November 16, 2007, Plaintiff Hardy Storage Company ("Hardy"), filed a memorandum on the proposed use of a commission, stating that it knows of no individuals qualified to act as commissioners with whom it does not have a conflict. Hardy asserts that when the Court first proposed using such a commission, as allowed by Rule 71A of the Federal Rules of Civil Procedure, there were significantly more parties in the case; Hardy has since settled with many of these parties, and thus only a few individuals remain. For these reasons, it requests that the Court reconsider

using a three-person commission and instead hear the case itself or refer it to a magistrate judge.

In response to Hardy's proposal, defendant Leon Dalton Combs ("Combs"), acting pro se, filed a memorandum stating that he opposes Hardy's proposal and would like a commission to be appointed. He further argues that, under Rule 71A, the Court is limited to using a commission or sending the case to a jury. Defendant Kenneth Thompson ("Thompson") also responded, stating that he is not opposed to a magistrate judge hearing the case.

On February 5, 2008, Hardy filed a reply to Combs' and Thompson's responses. In this brief, Hardy provides the current status of the above captioned cases:

> The only parties left in all of the remaining actions are Leon Dalton Combs (the rest of his family has settled), Edwin Hamilton, Ronald Wilson, the Shiffletts, Kenneth Thompson, the defunct Lost River Lumber Company and the potential owners of the properties in the well case, 2:07cv11, the Funkhouser heirs and the Miller heirs (including Cirillo and Whetzel).

Hardy asserts that it will soon file motions for summary judgment as to the Lost River Lumber Company, the Shifflets, Edwin Hamilton, and Ronald Wilson. It avers that all of these motions will present legal issues to be decided by the Court, rather then for a commission or a jury. Thus, Hardy argues, the only claims likely

**HARDY STORAGE CO. v. AN EASEMENT, ET AL.**

2:06CV7
2:07CV5
2:07CV11

**ORDER REGARDING PROPOSED USE OF COMMISSION
AND SCHEDULING STATUS CONFERENCE**

remaining for disposition will be those of Combs, Thompson and the potential owners of properties in the well case.

In its memorandum, Hardy also addresses Combs' contention that a jury trial is the only alternative to a commission. It cites <u>United States v. Vader</u>, 259 F.2d 667 (2nd Cir. 1958), for the proposition that, where no jury trial is demanded, a Court has discretion to appoint a commission or to hear the case itself.

The Federal Rules of Civil Procedure address the options available to a Court in determining just compensation. Rule 71A states that:

> [A]ny party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it.

Fed.R.Civ.P. 71A(h). Clearly, a Court has discretion in deciding whether to appoint a commission to hear the case, and, in absence of a jury trial demand, the Court may hear the case itself.

The Court notes that Combs failed to file a jury trial demand within the time allotted by Rule 71A(h); indeed he has never filed such a demand. Thompson did file a jury demand, but he appears to

4

be waiving the demand in his response to Hardy's proposal, in which he agrees that the Court or a magistrate judge could hear the case in lieu of a commission. Two other defendants, Ollie M. David Kovar and Robert Bogan Ludwig, who currently remain in the case, but with whom Hardy asserts settlements are imminent, also filed jury demands in their Answers.

After carefully considering the arguments of the parties, and after weighing the difficulty the Court has encountered in trying to identify qualified commissioners in Hardy County, West Virginia, and the surrounding area who are without conflicts with one or more of the parties, and recognizing the limited number of defendants who remain in these cases, the Court concludes that this is not an appropriate case for the appointment of a three-person commission.

The Court defers the question of whether a jury trial is required until a status conference and hearing on **April 1, 2008 at 10:00 a.m.,** at the **Clarksburg, West Virginia** point of holding court, at which time the parties may present oral argument on the issue.

It is so **ORDERED**.

**HARDY STORAGE CO. v. AN EASEMENT, ET AL.**

2:06CV7
2:07CV5
2:07CV11

**ORDER REGARDING PROPOSED USE OF COMMISSION AND SCHEDULING STATUS CONFERENCE**

The clerk is directed to transmit copies of this Order to counsel of record and all pro se parties.

DATE: February 22, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE