IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HARDY STORAGE COMPANY, LLC.,

    PLAINTIFF,

vs.                                                           CIVIL ACTION NO.  2:06cv7
                                                                                                 2:07cv5

PROPERTY INTERESTS NECESSARY TO CONDUCT
GAS STORAGE OPERATIONS IN THE ORISKANY
SANDSTONE SUBTERRANEAN GEOLOGICAL
FORMATION BENEATH PROPERTIES LOCATED IN
HARDY AND HAMPSHIRE COUNTIES OWNED BY:

LEON D. COMBS, et al,

    DEFENDANTS.

## ORDER/OPINION

On the 2nd day of February 2009, came the Defendant, Leon D. Combs, and filed his *pro se* "Motion to Compel Supplemantal [sic] Answers to Interrogatories and Request for Production" [Docket Entry 151 in 2:06cv7][Docket Entry 340 in 2:07cv5]. Plaintiff filed its Response to Defendant's Motion on February 12, 2009 [Docket Entry 160 in 2:06cv7][Docket Entry 346 in 2:07cv5]. No Reply was filed. The two cases were consolidated; however, the parties filed the documents in both cases. The motions and responses are identical as to both cases. The Court finds the issue is not complex and decides the motion without a hearing.

A review of the docket sheet in this matter reveals the following:

1. Mr. Combs served his Interrogatories and Request for Production of Documents on January 8, 2008.

2. Plaintiff filed its Objections and Responses on February 14, 2008.

3. No motion to compel was filed between January 8, 2008, and the current motion filed February 2, 2009.

L.R.Civ. P. 37.02 provides as follows, in pertinent part:

> A motion to compel, or other motion in aid of discovery, is deemed waived it if is not filed within thirty days after the discovery response or disclosure requirement sought was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or some action of the non-moving party. In any event, the moving party must show good cause to delay the trial or modify the scheduling order.

Here, Mr. Combs filed his first motion to compel almost a year after the responses to discovery were served by Plaintiff. The Court does not hold against Mr. Combs the delay between the date the discovery "was due" (on or about February 11, 2008) and the date the responses were served. On the other hand, the Court does not hold against Plaintiff their late responses, in that Mr. Combs did not file a motion to compel the responses. He states he contacted Plaintiff's counsel on February 14, 2008, and was told counsel was "waiting for the client verification and will mail them out as soon as I get it – likely later today or tomorrow at the latest" (Defendant's Motion at 2). The Court finds Mr. Combs waived his right to compel Plaintiff to timely file the responses. Nevertheless the responses were then served as promised, only approximately three days late. Mr. Combs' complaint that "No answer was given as to why this was not handled in the appropriate time frame or when exactly I would have the documents in hand" requires no action by the Court.

The Court finds that Mr. Combs' Motion to Compel is untimely, having been filed more than thirty days after the discovery was served. He therefore waived his right to file a motion to compel pursuant to L.R.Civ. P. 37.02.

Additionally, Fed. R. Civ. P. 37 also requires that a Motion to Compel be accompanied by a certification that the parties have met and conferred in person or by telephone in a good faith effort at resolving the issue without assistance of the Court. L.R.Civ.P. 37.02 requires:

> The following specifics in the certification of the good faith conference required under Fed.R.Civ.P. 37:
>
> (A)    the names of the parties who conferred or attempted to confer,
> (B)    the manner by which they conferred, and

    (C)  the date and time of the conference.

  Mr. Combs does not certify that he conferred with Plaintiff in good faith to resolve the issues in the motion. Additionally, from Plaintiff's response to the motion it appears to the Court that there was no such good faith conference. For this additional reason Mr. Combs' motion to compel should be denied.

  Because Mr. Combs is proceeding *pro se* in this matter, the Court has nevertheless reviewed the motion to compel substantively. Regarding Interrogatory No. 4, the Court finds that, even if it were to find that Plaintiff should have listed Mr. Warner as having a vested interest in the proceedings (which it does not so find), Mr. Combs has been aware that Mr. Warner was a party in the civil action, as he was named as a defendant in the Complaint filed January 19, 2007. He was also aware that Mr. Warner had settled with Plaintiff and been dismissed from the case on January 4, 2008, all before Mr. Combs served his discovery requests.

  Interrogatory 5 requests: "What are the names, address [sic] and phone numbers of individuals or companies who evaluated land value, timber value, and damage to property?"

  Plaintiff responded: "Hardy objects to Interrogatory # 5 to the extent it seeks information regarding settlement offers. Subject to that objection, David A. Warner, CF, ACF Timberland Consulting, HC 78, Box 52, Shanks, WV."

  Mr. Combs complains that "[Plaintiff ha[s] repeatedly denied any appraisals and have refused to give names of the individuals who have conducted these appraisals." The Court finds, however, that the Interrogatory requests only the names, etc. of the evaluators, not any other information regarding appraisals. Plaintiff responded to the question as asked.

  Interrogatory 6 requests the value Plaintiff places on the following for parcels 5&9: 1) permanent right-of-way; 2) temporary right-of-way; 3) permanent road access; 4) temporary road

access; 5) storage parcel 5; 6) storage parcel 9; 7) native natural gas in storage area under parcels 5&9.

Plaintiff in its response objected to the extent the Interrogatory sought a value for native gas. "Subject to that objection, Hardy has not valued the rights above except for the purposes of settlement. Settlement valuations have been previously provided." Mr. Combs argues that Plaintiff "contradicts its statements with saying that no evaluations have been done though they state to the contrary in Court document 27-1." Again, even if the Court were to find that Plaintiff's response is inconsistent with the fact that there were valuations offered to the Court (and it does not so find), Mr. Combs has been aware of those valuations since the hearing for partial summary judgment held on March 29, 2006 [Docket Entry 26]. Further, those valuations were provided the Court in order for the Court to set a bond, and were not necessarily inconsistent with the settlement valuations. Plaintiff states in its response to Mr. Combs' motion to compel that the estimates provided the Court in order for it to set bond "were based on the settlement offers made by Hardy's land agents." Further, "Hardy has provided all of the documents it has related to settlement offers and the basis for the bond." Finally, Plaintiff states: "Hardy's precondemnation offers were based on estimates done by Hardy's own land agents. It did not have any formal appraisals." Plaintiff states it has, since the time the interrogatories were answered, provided Mr. Combs with two appraisal reports "that provide the information sought in Interrogatory No. 6."

Upon consideration of all which, the Court finds Mr. Comb's Motion to Compel was filed late and untimely. He therefore waived his right to file the motion. Further, there is no certification that Mr. Combs arranged for the parties' good faith meet and confer before filing the motion and there is no indication the parties did meet and confer regarding the disputed responses. Additionally, the Court finds that Plaintiff's responses, supplemental responses, and later filings render the motion to compel moot. Finally, Defendant has failed to show he was in any way prejudiced by Plaintiff's lack

of supplementation, if any.

For all the above reasons, Defendant Leon D. Combs' "Motion to Compel Supplemantal [sic] Answers to Interrogatories and Request for Production" [Docket Entry 151 in 2:06cv7][Docket Entry 340 in 2:07cv5] is **DENIED**.

It is so **ORDERED**.

The Clerk of the Court is directed to provide an authenticated copy of this Order to counsel of record and to *pro se* Defendant

DATED: March  6, 2009.

s/*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE