IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARDY STORAGE COMPANY, LLC,**

      **Plaintiff,**

v.                    //     CIVIL ACTION NO. 2:06CV7
                                   (Judge Keeley)

**AN EASEMENT TO CONSTRUCT,
OPERATE AND MAINTAIN 12-INCH
AND 20-INCH GAS TRANSMISSION
PIPELINES ACROSS PROPERTIES
IN HARDY COUNTY, WEST VIRGINIA,
ET AL,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

On March 2, 2009, the plaintiff, Hardy Storage Company, LLC ("Hardy"), filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking a decision on the amount of just compensation due to Alvin Kenneth Thompson ("Thompson") for the takings in this case. Specifically, just compensation is due on permanent and temporary easements on two tracts of land owned by Thompson which Hardy condemned in order to construct a new gas pipeline and replace another pipeline.

Hardy asserts that there are no legal or factual disputes as to the appropriate compensation for those condemnations, and asks the Court to award Thompson just compensation in the amount of $5000.00 for the takings. Thompson contends Hardy's valuation is flawed and opposes Hardy's motion. For the reasons that follow,

**HARDY V. EASEMENT, ET AL.** 2:06CV7

**MEMORANDUM OPINION AND ORDER**
**GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR**
**SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

the Court **GRANTS** Hardy's motion and **ORDERS** Hardy to pay Thompson **$5,600.00** for just compensation and prejudgment interest.

## I. FACTS AND PROCEDURAL HISTORY

On January 20, 2006, Hardy filed a Complaint for an easement to construct, operate and maintain gas transmission pipelines across certain properties in Hardy County, West Virginia. Prior to the filing of the Complaint, on November 1, 2005, the Federal Energy Regulatory Commission ("FERC") had issued a certificate of public convenience and necessity pursuant to the Natural Gas Act, 15 U.S.C. § 717, et seq., that authorized Hardy to operate a natural gas storage field in the Oriskany sandstone formation, a naturally-occurring storage reservoir. FERC's certificate additionally authorized Hardy to condemn property necessary to install pipelines and appurtenances required for transmission of gas to and from the storage field. Acting pursuant to 15 U.S.C. § 717f(h), Hardy then sought to obtain the easements to construct, operate and maintain several pipelines and other facilities necessary to operate the storage field.

With regard to Thompson's property, Hardy sought to condemn 1.02 acres of permanent right-of-way and 1.09 acres of temporary right-of-way located on two adjacent parcels of land. See

2

**HARDY V. EASEMENT, ET AL.**                                        **2:06CV7**

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

Complaint, Exhibit 1, p. 55 & 57 (showing Tax Map 228, p. 30 and Tax Map 229, p. 15.1). On April 12, 2006, the Court granted Hardy partial summary judgment and authorized the taking and immediate access and possession of the easements for the purpose of pipeline construction and maintenance; however, it left open the issue of just compensation. See dkt. nos. 29 & 30.

## II.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court may grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In making this determination, a court must review the evidence presented in the light most favorable to the nonmoving party. Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

In this case, summary judgment is appropriate only if there is no genuine issue of material fact with regard to the amount of just compensation due to Thompson. Just compensation "means the full and perfect equivalent in money of the property taken," which the United States Supreme Court has interpreted as meaning the fair market value of the property sought to be condemned. U.S. v.

**HARDY V. EASEMENT, ET AL.**                              **2:06CV7**

**MEMORANDUM OPINION AND ORDER**
**GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR**
**SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

Miller, 317 U.S. 369, 373 (1943).  Significantly, Thompson, as the property owner bears the burden of proving the fair market value at trial.  See U.S. ex rel. and for Use of Tennessee Valley Authority v. Powelson, 319 U.S. 266, 273-74 (1943); U.S. v. 69.1 Acres of Land, More or Less, Situated in Platt Springs Tp., County of Lexington, State of S.C., 942 F.2d 290, 292 (4th Cir. 1991).

In responding to a motion of summary judgment, the non-moving party may not "rely merely on allegations or denials in its own pleading," Fed.R.Civ.P. 56(e)(2), but instead must present evidence supporting his position that a genuine issue of material fact exists in the case through "depositions, answers to interrogatories, and admissions on file together with the affidavits, if any." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56(c)).  Thus,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Id. at 322-23.

**HARDY V. EASEMENT, ET AL.** 2:06CV7

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

### III. ANALYSIS

Hardy contends that Thompson has failed to establish that a genuine issue of material fact exists as to the amount of just compensation he is due in this case. It points out that Thompson is aware that he bears the burden of proving the amount of just compensation for the condemnations and is obligated to produce competent expert testimony in order to do so. See dkt. no. 142, Trans. of Sept. 5, 2008 hearing, p. 41. Nevertheless, because Thompson has never identified any expert qualified to opine on these issues in the manner required by the Federal Rules of Civil Procedure, Hardy argues he has not met his burden of establishing just compensation in these cases.

**A. Thompson's Arguments Against Summary Judgment**

In his response to Hardy's motion for summary judgment, Thompson raises several issues.

**1. Challenge to the Area Condemned**

First, Thompson challenges the map, or "plan," used by David A. Sirna, Sr. ("Sirna"), Hardy's expert appraiser, to calculate the amount of just compensation due in this case. He asserts that Sirna used a plan given to him by Hardy Storage dated August 25, 2005 ("the 2005 plan"), which mis-characterizes the acreage

5

**HARDY V. EASEMENT, ET AL.**                                    **2:06CV7**

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

actually condemned. Thompson contends that the 2005 plan is different from drawings provided to him by Hardy on November 25, 2006, and that the actual area condemned for the permanent easement is 1.48 acres rather than 1.02 acres. Similarly, he contends that the actual area condemned for the temporary easement is 1.43 acres. Thus, he argues, the area actually taken by Hardy is greater then the area appraised by Sirna.

According to Hardy, Sirna's appraisal is based on the acres actually condemned as stated in the Complaint. Indeed, Sirna's "Real Estate Appraisal Summary Report," provided by Hardy in its expert disclosures, indicates that Sirna relied on the same condemnation map that Hardy attached to its Complaint. See dkt. nos. 1-2, p. 57 and 150-3, p. 6. Moreover, the Court's Order granting condemnation confirmed that the acreage condemned on Thompson's property totaled 1.02 acres of permanent easement and 1.09 acres of temporary easement. See dkt. no. 29.

Because this Court has already ruled on condemnation, Thompson may not re-litigate that issue now. The sole remaining issue is the amount of just compensation due him for the takings described in the Complaint and condemned in the Court's Order of Partial Summary Judgment.

**HARDY V. EASEMENT, ET AL.**                                      **2:06CV7**

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

### 2. Challenges to Hardy's Appraisal

Thompson next challenges Sirna's expert appraisal on two grounds. First, he contends that the appraisal failed to consider the location of the easements within the context of his property. According to Thompson, the location of the easements would hinder his ability to develop and sell plots of land along the existing road because they would have to be set much further back from the road due to the easement. Thompson contends that, because this is not factored into Sirna's appraisal, the appraisal is insufficient and does not fully compensate him for his losses.

Hardy points out that Thompson has provided no evidence that he is planning to develops plots for sale along the existing road, and that such speculative uses for the land cannot be considered when determining just compensation. See Olson v. U.S., 292 U.S. 246, 257 (1934). Indeed "[e]lements affecting value that depend upon events or combinations of occurrences which, while within the realm of possibility, are not fairly shown to be reasonably probable should be excluded from consideration . . . ." Id. Because there is no evidence that it is reasonably probable that Thompson will develop plots of land for residential sale,

7

**HARDY V. EASEMENT, ET AL.**                                    **2:06CV7**

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

consideration of that specific use of the land is properly excluded from determining just compensation.

Additionally, Thompson challenges the "comparison properties" used by Sirna in appraising the land at issue. He argues that these properties are not located sufficiently close to his property to be comparable. In appraising the fair market value of Thompson's property, Sirna applied a "sales comparison approach," which compared Thompson's property to similar properties that had been recently sold or for which listing prices or offering figures were known. See dkt. no. 150-2, p. 15. The goal of such comparison was to determine a probable price for which Thompson's property would likely sell if offered on the market. Id.

To make such a comparison, Sirna identified three comparable properties, two of which are located in Mathias, Hardy County, West Virginia, and the third of which is located in Moorefield, Hardy County, West Virginia. Id. at 150-2, p. 17. Like Thompson's property, all three are zoned agricultural. Id. Thompson contends that two of these properties are 25 to 30 miles from his property, and that the value of any land sold that far away would not reflect the fair market value of his land.

**HARDY V. EASEMENT, ET AL.**                                                       **2:06CV7**

## MEMORANDUM OPINION AND ORDER
## GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
## SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON

Initially, the Court notes that, after Hardy disclosed Sirna as its expert, pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), Thompson was able to and did challenge Sirna's qualifications and methodology. The Court then held a hearing on March 6, 2009, after which it concluded that Sirna, a qualified expert appraiser, had utilized a reliable appraisal methodology. Notably, Thompson did not specifically challenge Sirna's use or application of the sales comparison method in his <u>Daubert</u> motion.

Although at trial Thompson would be entitled to challenge Sirna's expert opinion on the basis that the comparable properties used in his appraisal are not sufficiently close in proximity to Thompson's land, that effort would go to the weight, not the admissibility, of Sirna's opinion. Thompson, however, has presented no admissible evidence to show that some other, more appropriate comparable properties exist upon which Sirna should have relied and that would assist the jury in weighing Sirna's opinion about the amount of just compensation due Thompson. Indeed, he has produced no admissible evidence whatsoever to indicate that Sirna's appraisal was flawed, nor has he provided any alternative appraisal or basis on which just compensation could be

9

**HARDY V. EASEMENT, ET AL.** 2:06CV7

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

awarded. Thus, although Thompson may wish to attack Sirna's opinion, he has no evidence of his own to meet his burden of proving just compensation.

Accordingly, there is no genuine issue of material fact as to the sole remaining issue in this case, the amount of just compensation due to Thompson, see Celotex, 477 U.S. at 322-23, and the Court therefore **GRANTS** summary judgment in favor of Hardy.

### B. Just Compensation

Although Thompson has failed to produce any evidence that would be admissible at trial to establish the amount of just compensation due him, Hardy has done so. Sirna's expert appraisal estimates the difference in the fair market value before and after the taking to be $5,000.00. See dkt. nos. 150-2 & 150-4. Sirna is a licensed Independent Fee Appraiser who has performed commercial timberland appraisals, as well as appraisals of farms, estates, and commercial and residential properties, since 1992. Id. at 150-3. He is a Registered Professional Forrester and a Certified General Real Estate Appraiser, and a member of several professional organizations, including the Association of Consulting Foresters, the Society of American Foresters, and the West Virginia Woodland Owners Association. Id.

**HARDY V. EASEMENT, ET AL.**                                    **2:06CV7**

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

In calculating his valuation, Sirna first considered various approaches to appraising property and, as noted earlier, concluded that a "sales comparison approach" was most appropriate in this case. See id. at 150-4. He then examined the subject property, located comparable properties which had been recently sold in the area, and visited the three most similar. Id. He adjusted the values of the subject property and the comparison properties in order to compare them as if vacant. Id. He then determined that the total value of the tract of land comprising 34.92 acres equaled $262,000, or approximately $7,500.00 an acre. See id. at 150-5. The total value of the tract of land comprising 121.75 acres equaled $426,000, or approximately $3,500.00 an acre. See id. at 150-3.

Sirna then calculated the amount of the taking on each parcel, for both the permanent easement and the temporary easement. He discounted the value of the permanent easement by 50% because it is a partial taking where the land can still be used for agricultural and recreational purposes. Id. at 150-2. In calculating the value of the temporary easement, Sirna estimated two years of disturbance, and calculated interest at 8% per year. Id. at 150-3.

**HARDY V. EASEMENT, ET AL.**                                                    **2:06CV7**

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

For the takings on the tract of 34.92 acres, Sirna calculated the market value for 0.51 acres of permanent easement on that property to be $1,912.00, which he rounded up to $2,000, and the market value for 1.09 acres of temporary easement to be $1,308.00. Id. at 150-5. He additionally estimated the value of the timber on the temporary easement to be approximately $400.00. Id. Thus, the loss in market value for both the permanent and temporary easements on this tract totaled $3,620.00, which Sirna rounded to $4,000.00. Id. at 150-5.

As to the takings on the tract of 121.75 acres, Sirna calculated the market value for the 0.51 acres of permanent easement to be $892.00, which he rounded to $1,000.00. No temporary easement was taken on this parcel. Thus, he concluded that the total loss in market value was $1,000.00, and the combined total loss in market value for the takings on both tracts of land in this case was $5,000.00. Because Thompson has failed to present admissible evidence to dispute this calculation and provide a different amount of just compensation, the Court concludes that $5,000.00 is the amount of just compensation due him for the takings in this case.

**HARDY V. EASEMENT, ET AL.**                                                2:06CV7

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

**C. Pre-Judgment Interest**

Hardy must pay prejudgment interest on the amount of just compensation from the date of the condemnation, April 12, 2006, to the date of judgment, March 31, 2009. See U.S. v. Eltzroth, 124 F.3d 632, 638 (4th Cir. 1997) ("The date of taking 'fixes the date as of which the land is to be valued and the Government's obligation to pay interest accrues.'" (quoting U.S. v. Dow, 357 U.S. 17, 22 (1958)). No federal law establishes the appropriate procedure for determining what interest rate applies, and district courts may exercise discretion in this area. See Washington Metro. Area Transit Authority v. One Parcel of Land in Montgomery Co., Md., 706 F.2d 1312, 1322 (4th Cir. 1983)("The choice of an appropriate rate of interest is a question of fact, to be determined by the district court . . . .").

Here, the "Current Value of Funds" rate, established by the United States Department of Treasury, for the date of the condemnation sets a reasonable rate of interest. See Financial Management Service, A Bureau of the United States Department of the Treasury, Treasury Current Value of Funds Rate, http://www.fms.treas.gov/cvfr/index.html (last visited March 27, 2009). This rate is "used to calculate interest on overdue Federal

13

**HARDY V. EASEMENT, ET AL.** 2:06CV7

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

Government receivables and to determine the effectiveness of taking cash discounts . . . on Government payments." Id. The Current Value of Funds rate in effect for April 2006, when the Court granted condemnation in this case, was four percent (4.0%). Id.

This interest rate will be compounded annually to fully compensate Thompson for the condemnation. See Cement Div., National Gypsum Co. v. City of Milwaukee, 144 F.3d 1111, 1116 (7th Cir. 1998)("It is, of course, settled in the case law that compounding of prejudgment interest is acceptable."). To calculate the prejudgment interest, using a 4% interest rate and compounding annually, the Court will use the following formulas:

$$fj = j \times m$$

and

$$m = (1 + r/n)^{nT}$$

Knoll, Michael S., The Calculation of Prejudgment Interest, University of Pennsylvania Law School: Scholarship at Penn Law (2005), http://lsr.nellco.org/upenn/wps/papers/120 (hosted by Berkeley Electronic Press)(last visited February 11, 2009). In these equations, the variables represent the following:

       fj - Final Judgment (just compensation plus prejudgment interest)
       j - Judgment (amount of just compensation)
       m - multiplier (for calculating compounded interest)

**HARDY V. EASEMENT, ET AL.**                                    2:06CV7

**MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

    r - Prejudgment Interest Rate
    T - Prejudgment period
    n - Frequency with which interest is compounded

Id.

After applying these formulas to the case at hand, the Court concludes that the appropriate amount of prejudgment interest is $600.00. Therefore, the total judgment is $5,600.00.

### IV. CONCLUSION

For the reasons stated, the Court **GRANTS** Hardy's motion for summary judgment (dkt. no. 165) and **ORDERS** Hardy to pay Thompson **$5,600.00** in just compensation and prejudgment interest. If payment of the award is not made within ten (10) business days of the date of this Order, post-judgment interest will begin to accrue. As this is the sole remaining issue in this case with regard to Thompson, the Court **DISMISSES WITH PREJUDICE** the portion of this action involving the property interests of Thompson and enters final judgment in his case.

Pursuant to Federal Rule of Appellate Procedure 4, any party seeking to appeal this judgment must file a notice of appeal with the Clerk of the District Court within 30 days following the date of this Order. Such notice must conform to the requirements set

**HARDY V. EASEMENT, ET AL.** 2:06CV7

**MEMORANDUM OPINION AND ORDER**
**GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR**
**SUMMARY JUDGMENT AGAINST DEFENDANT KENNETH ALVIN THOMPSON**

out in Federal Rule of Appellate Procedure 3. Failure to timely file such notice waives the party's right of appeal. Id.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and all pro se parties, by certified mail, return receipt requested.

DATED: March 31, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE