IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HARDY STORAGE COMPANY, LLC,

       Plaintiff,

v.                 //   CIVIL ACTION NO. 2:06CV7
                             (Judge Keeley)

AN EASEMENT TO CONSTRUCT,
OPERATE AND MAINTAIN 12-INCH
AND 20-INCH GAS TRANSMISSION
PIPELINES ACROSS PROPERTIES
IN HARDY COUNTY, WEST VIRGINIA,
ET AL,

       Defendants.

                       //

HARDY STORAGE COMPANY, LLC,

       Plaintiff,

v.                 //   CIVIL ACTION NO. 2:07CV5
                             (Judge Keeley)

PROPERTY INTERESTS NECESSARY TO
CONDUCT GAS STORAGE OPERATIONS
IN THE ORISKANY SANDSTONE
SUBTERRANEAN GEOLOGICAL FORMATION
BENEATH PROPERTIES LOCATED IN HARDY
AND HAMPSHIRE COUNTIES, ET AL.,

       Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
### SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

On March 2, 2009, the plaintiff, Hardy Storage Company, LLC ("Hardy"), filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking a decision on the sole remaining issue in these condemnation actions pertaining to the defendant Leon Dalton Combs ("Combs") – the amount of just

## MEMORANDUM OPINION AND ORDER
### GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
### SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

compensation to be paid to Combs for the takings. Specifically, in civil action number 2:06cv7 (the "pipeline easements case"), Combs owns a one-fifth interest in 0.75 acres of a permanent easement and a one-fifth interest in 1.12 acres of a temporary easement which were condemned by Hardy in order to construct a new gas pipeline and replace another pipeline. In addition, Hardy condemned temporary, non-exclusive access to an existing road, totaling 0.97 acres, and permanent, non-exclusive access to another existing road, totaling 1.02 acres; Combs again owns a one-fifth interest in both. In civil action number 2:07cv5 (the "underground storage case"), Combs owns a one-fifth interest in two tracts of land, one totaling 121 acres and the other totaling 37.33 acres, for which Hardy has condemned underground storage rights.

Hardy asserts that there are no legal or factual disputes as to the appropriate amount of compensation due Combs for those condemnations, and asks the Court to award Combs just compensation in the amount of $1,200.00[1] for the taking in the pipeline easements case and $1,583.30 for the taking in the underground

---

[1]     Although Hardy originally argued that $600.00 is the amount of just compensation due Combs in this case, during a hearing on March 30, 2009, it stipulated that an additional $600.00 should be added as compensation for condemnation of non-exclusive access to the pre-existing roads.

MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

storage case. Despite Combs's opposition to Hardy's motion, for the reasons that follow, the Court **GRANTS** Hardy's motion and **ORDERS** it to pay **$1,344.00** for just compensation and prejudgment interest in the pipeline easements case, and **$1,698.95** for just compensation and prejudgment interest in the underground storage case.

## I.   FACTS AND PROCEDURAL HISTORY

### A.   Case Number 2:06cv7 - The Pipeline Easements Case

On January 20, 2006, Hardy filed a Complaint for an easement to construct, operate and maintain gas transmission pipelines across certain properties in Hardy County, West Virginia. Prior to the filing of the Complaint, on November 1, 2005, the Federal Energy Regulatory Commission ("FERC") had issued a certificate of public convenience and necessity pursuant to the Natural Gas Act, 15 U.S.C. § 717, et seq., that authorized Hardy to operate a natural gas storage field in the Oriskany sandstone formation, a naturally-occurring storage reservoir. FERC's certificate additionally authorized Hardy to condemn property necessary to install pipelines and appurtenances required for transmission of gas to and from the storage field. Acting pursuant to 15 U.S.C. § 717f(h), Hardy then sought to obtain easements to construct,

### MEMORANDUM OPINION AND ORDER
### GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
### SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

operate and maintain several pipelines and other facilities necessary to operate the storage field.

With regard to Combs's property, Hardy sought to condemn both a permanent easement and a temporary right-of-way on the properties found at Tax Map 347, Parcels 5 and 9. Specifically, Hardy sought to condemn 0.75 acres for a permanent easement and 1.12 acres for a temporary construction right-of-way. See Complaint, Exhibit 1, p. 50. For both, Combs owns only a one-fifth interest. In addition, Hardy indicated that it would need temporary, non-exclusive access to an existing road for purposes of reaching the temporary construction right-of-way, totaling 0.97 acres, as well as permanent, non-exclusive access to another existing road for purposes of construction and on-going maintenance of the pipelines, totaling 1.02 acres. Combs also owns a one-fifth interest in that condemned property.

On April 12, 2006, the Court awarded Hardy partial summary judgment and authorized its taking and immediate access and possession of the easements for pipeline construction and maintenance. The Order, however, left open the issue of just compensation.

MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

### B.  Case Number 2:07cv5 - The Storage Condemnation Case

On January 19, 2007, Hardy filed a Complaint to condemn property interests necessary to conduct natural gas storage operations in the Hardy Storage Field in both Hardy County and Hampshire County, in West Virginia.  Based on the same FERC certificate of public convenience and necessity issued pursuant to the Natural Gas Act, 15 U.S.C. § 717, et seq., and, acting pursuant to 15 U.S.C. § 717f(h), Hardy then sought to obtain the ownership rights necessary to store gas in that formation.

With regard to Combs, Hardy sought to condemn an easement to inject, store and remove natural gas in and from the Oriskany formation, located approximately 6,800 feet below the surface of two properties in which Combs owns a one-fifth interest.  One property, found at Tax Map 347, Parcel 5, totals 121 acres of underground storage; the second property, found at Tax Map 347, Parcel 9, totals 37.33 acres.

On February 13, 2007, Hardy filed a "Motion for Partial Summary Judgment and Immediate Access and Possession of Easement Condemned for Underground Natural Gas Storage, Native Gas and Well Site."  The Court granted Hardy's motion on March 28, 2007, thereby awarding Hardy the property rights described in the Complaint as to each property.  However, although it granted Hardy immediate access

## MEMORANDUM OPINION AND ORDER
### GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
### SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

to the condemned property so that it could begin injecting and storing natural gas in the Oriskany formation, it left open the issue of just compensation.

## II.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court may grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  In making this determination, a court must review the evidence presented in the light most favorable to the nonmoving party.  <u>Matsushita Elec. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986).

In this case, summary judgment is appropriate only if there is no genuine issue of material fact with regard to the amount of just compensation due to Combs.  Just compensation "means the full and perfect equivalent in money of the property taken," which the United States Supreme Court has interpreted as meaning the fair market value of the property sought to be condemned.  <u>U.S. v. Miller</u>, 317 U.S. 369, 373 (1943).  Significantly, the property owner bears the burden of proving the fair market value at trial.  See <u>U.S. ex rel. and for Use of Tennessee Valley Authority v. Powelson</u>, 319 U.S. 266, 273-74 (1943); <u>U.S. v. 69.1 Acres of Land,</u>

## MEMORANDUM OPINION AND ORDER
### GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
### SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

<u>More or Less, Situated in Platt Springs Tp., County of Lexington,</u>
<u>State of S.C.</u>, 942 F.2d 290, 292 (4th Cir. 1991).

In responding to a motion for summary judgment, the non-moving party may not "rely merely on allegations or denials in its own pleading," Fed.R.Civ.P. 56(e)(2), but instead must present evidence supporting his position that a genuine issue of material fact exists in the case through "depositions, answers to interrogatories, and admissions on file together with the affidavits, if any." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (<u>citing</u> Fed.R.Civ.P. 56(c)). Thus,

> the plain language of Rule 56(c) mandates the entry of
> summary judgment, after adequate time for discovery and
> upon motion, against a party who fails to make a showing
> sufficient to establish the existence of an element
> essential to that party's case, and on which that party
> will bear the burden of proof at trial. In such a
> situation, there can be 'no genuine issue as to any
> material fact,' since a complete failure of proof
> concerning an essential element of the nonmoving party's
> case necessarily renders all other facts immaterial.

<u>Id.</u> at 322-23.

### III.  ANALYSIS

Hardy contends that Combs has failed to establish the amount of just compensation due him in these cases, and has failed to present sufficient evidence to establish that a genuine issue of material fact exists as to that question. It points out that,

### MEMORANDUM OPINION AND ORDER
### GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
### SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

throughout the pendency of this case, Combs has been made aware that he bears the burden of proving the amount of just compensation for the takings, and of his need to produce competent expert testimony in order to do so. See dkt. no. 142, Trans. of Sept. 5, 2008 hearing, p. 41. Hardy argues that because Combs has failed to produce such testimony, and because he is not an expert qualified to opine on these issues, he has failed to meet his burden of establishing just compensation in these cases.

For the reasons that follow, the Court concludes that Combs has failed to establish the existence of a material disputed fact regarding an element essential to his cases, the amount of just compensation due, for which he bears the burden of proof at trial. See Celotex, 477 U.S. at 322-23. Accordingly, there being no genuine issue as to any material fact in either case, the Court **GRANTS** summary judgment to Hardy in both the pipeline easements case and the underground storage case.

### A. Case Number 2:06cv7 - The Pipeline Easements Case

#### 1. Combs's Arguments Against Summary Judgment

In response to Hardy's motion for summary judgment in the pipeline easements case, Combs filed a "motion to deny plaintiff's

8

### MEMORANDUM OPINION AND ORDER
### GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
### SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

motion for summary judgment." The Court will address each of the issues raised by Combs in turn.

> **a. Compensation for Hardy's Condemnation of Permanent and Temporary Access via Existing Roads**

First, Combs argues that, while appearing in Court on March 6, 2009 in response to a challenge pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), Hardy's expert appraiser, David Sirna ("Sirna"), testified that he did not evaluate the "permanent road easement" which comprises 1.02 acres on Combs's property, nor did he include that acreage in his assessment of the fair market value for the taking in Case Number 2:06cv7.[2] Combs asserts that this easement includes part of a garage that is built next to the road, and that the value of the easement and the affected building should be incorporated into the value of the just compensation.

In light of Hardy's response that no compensation is due for its non-exclusive access through an existing road because it already owned the right to ingress and egress to and from the

---

[2]     Although not addressed by Combs, the Court notes that Sirna's evaluation also fails to incorporate a temporary easement for non-exclusive access to a pre-existing road comprising 0.97 acres, which is also described in the Complaint as part of the property being condemned in the pipeline easements case.

## MEMORANDUM OPINION AND ORDER
### GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
### SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

existing right-of-way, for which the Court could find no documentary support, the Court conducted a telephone conference with the parties on March 30, 2009, to address this issue. During that hearing, Hardy stipulated that an additional $600.00 is fairly due to Combs to compensate him for the temporary and permanent non-exclusive access via existing roads. It further stipulated that it would not remove or otherwise impact the garage, which Combs described as being located next to one of the affected roads.

Because the temporary and permanent non-exclusive access via existing roads is listed in the Complaint as part of the property to be condemned, just compensation for these takings is due. Combs, however, has failed to establish with admissible evidence that the these non-exclusive access easements have affected the fair market value of his property, nor has he presented any admissible evidence of the amount of just compensation due for these takings. Consequently, no genuine issue of material fact remains as to the compensation due for this condemnation. See Celotex, 477 U.S. at 323. Moreover, in light of Hardy's unilateral agreement to preserve the integrity of the garage and to pay an additional $600.00 to Combs in compensation for these takings, the Court concludes that such amount is just compensation for the easements for non-exclusive road access.

MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

### b.    The Specific Acreage Condemned

Combs next contends that a dispute remains as to the specific acreage condemned in the pipeline easements case.  Because Hardy's expert, Sirna, refers to the acreage taken as "+/-" a certain number of acres, for example  "+/- 0.2 acres on parcel 9 & +/- 0.55 acres on parcel 5," he argues that the amount of acreage condemned is uncertain and asserts that a survey of the land is needed to ascertain the amount of just compensation due.

The total acreage Sirna analyzed in the pipeline easements case is the same total number of acres addressed in the Complaint with regard to the temporary and permanent easements (but, as explained above, not including the non-exclusive road access).  As he explained on the record at the <u>Daubert</u> hearing, Sirna refers to the specific number of acres in his expert reports using a "+/-" symbol in front of each because he separated the two parcels for purposes of valuation, whereas the Complaint lumps them together in identifying the total acreage to be condemned.  Thus, Sirna describes the acreage included in the condemnations in the separate tracts with a "+/-" sign, to acknowledge that the split of the total figure between the two land tracts is his estimation, rather than a figure established in the Complaint.

**MEMORANDUM OPINION AND ORDER**
**GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR**
**SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS**

Because the total number of acres condemned for the permanent and temporary easements matches the total acreage valued in Sirna's reports, the Court concludes that Combs has failed to raise a material question of fact as to the amount of property condemned in this case.

### c.  Dangers of Gas Pipeline Explosions

Finally, Combs states that he intends to introduce evidence at trial regarding the dangers of gas pipeline explosions.  In particular, he intends to present Case Number 07-1581-GT-PC, from the Public Service Commission of West Virginia.  Combs also states, without further explanation, that he will raise "other issues not addressed by Hardy's expert witness."  However, once again Combs has failed to provide timely notice of any expert witness he intends to call at trial who is qualified to opine on the issue of gas pipeline safety.  He therefore will not be able to introduce any such evidence at trial, and because there is no admissible evidence of record in this case as to this issue, see <u>Celotex</u>, 477 U.S. at 323, the Court concludes that no genuine issue of material fact exists for trial.

**2.    Analysis of Just Compensation for the Pipeline Easements Case**

Although Combs has failed to produce admissible evidence to establish, at trial, the amount of just compensation due him, Hardy has provided expert testimony regarding the amount of just compensation due through Sirna,[3] who is of the opinion that the fair market value of the property condemned in the pipeline easements case is $2,000.00.  See 2:06cv7, dkt. no. 150-6.

In his report, Sirna states that, in reaching his valuation of the condemned property, he first considered various approaches to appraising property and concluded that a "sales comparison approach," in which the property is compared to similar properties that have been recently sold or for which listing prices or offering figures are known, was most appropriate for this situation.  See id. at 150-6.  Sirna examined the subject property, located comparable properties which had been recently sold, and visited the three most similar.  Id.  He adjusted the values of the

---

[3]    Sirna is a licensed Independent Fee Appraiser who has performed commercial timberland appraisals, as well as appraisals of farms, estates, and commercial and residential properties since 1992.  Dkt. No. 150-7.  He is a Registered Professional Forrester and a Certified General Real Estate Appraiser, and a member of several professional organizations, including the Association of Consulting Foresters, the Society of American Foresters and the West Virginia Woodland Owners Association.  Id.

**MEMORANDUM OPINION AND ORDER**
**GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR**
**SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS**

subject property and the comparison properties in order to compare them as if vacant. Id. He then determined that the total value of the tract of land comprising 121 acres equaled $387,000, or approximately $3,200 an acre, id. at 150-7, and the total value of the tract of land comprising 36.31 acres equaled $254,000, or approximately $7,000 an acre, id. at 150-9.

Sirna next calculated the amount of the taking on each parcel, both for the permanent easement and also for the temporary easement. He discounted the value of the permanent easement by 50% because it is only a partial taking where the land may still be used for agricultural and recreational purposes. In calculating the value of the temporary easement, he estimated two years of disturbance and calculated interest at 8% per year.

For the takings on the tract of 121 acres, he calculated the market value for 0.55 acres of permanent easement on that property to be $880.00 and the market value for the temporary easement to be $497.00. Id. at 150-78. In addition, he obtained information from David A. Warner, who conducted a "systematic timber cruise" on the property, and estimated that approximately $585.00 worth of standing timber was removed as a result of the temporary easement on that tract. Id. Thus, the total loss in market value for both

14

**MEMORANDUM OPINION AND ORDER**
**GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR**
**SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS**

the permanent and temporary easements on this tract totaled $1,962.00, which Sirna rounded to $2,000.00. <u>Id.</u>

Turning to the condemnations on the tract of 36.31 acres, Sirna calculated the market value for the 0.2 acres of permanent easement to be $700.00, and the value for the 0.15 acres of temporary easement to be $168.00. <u>Id.</u> at 150-9. Because no timber was removed from this tract, the loss in market value totaled $868.00, which he rounded to $1,000.00. <u>Id.</u> Thus, the total combined loss in market value for the takings in case number 2:06cv7 is $3,000.00, of which Combs is entitled to one-fifth, or $600.00. Because Combs has failed to carry his burden of presenting admissible evidence disputing this calculation, the Court concludes that $600.00 is the amount of just compensation due Combs for these takings.

In addition, Hardy has agreed to pay an additional $600.00 in compensation for 0.97 acres of temporary, non-exclusive access to one existing road, and the 1.02 acres of permanent, non-exclusive access to another existing road, as described in Exhibit 1, page 50-51 of the Complaint. The total just compensation for the takings in the pipeline easements case, number 2:06cv7, therefore, totals $1,200.00.

## MEMORANDUM OPINION AND ORDER
### GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
### SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

### B. Case Number 2:07cv5 - The Underground Storage Case

Combs does not dispute any of Hardy's allegations as to its taking of underground gas storage below the two tracts of land in case number 2:07cv5. Moreover, he has not produced evidence of the amount of just compensation due for this taking. The Court, therefore, once again looks to the expert opinion offered by Hardy's appraiser to determine the just compensation in this case.

Sirna asserts that a one-time payment of $50.00 an acre is just compensation. See 2:07cv5, dkt. no. 339-2. Initially, Sirna's expert report concluded that no diminution in the fair market value of Combs's property had resulted from the condemnation. Id. In reaching this conclusion, he compared the values of three comparable properties sold in the Hardy county area in 2005 and 2006. Id. At the time of their respective sales, one of those properties had a lease in effect for underground gas storage rights, while the other two had no such encumbrance. Id. In analyzing the sale prices, Sirna determined that the lot with the storage lease was not adversely affected by the lease; indeed, it sold for $3,085.00 an acre, while the other two lots sold for $3,037.00 an acre and $2,889.00 an acre, respectively. Id. Thus, Sirna concluded there is "no discernible difference between the sales prices that can be attributable to the gas lease." Id.

MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

Despite finding no reduction in the fair market value of the property based on the taking, Sirna nevertheless concluded that just compensation for the condemnation of underground storage can also be determined by calculating the value paid in the market for similar rights.  Id.  Using a method called the Direct Capitalization Rate, Sirna divided a comparable annual net operating income by an appropriate capitalization rate to yield the estimated value.  Id.  In this case, he estimated the annual net operating income, i.e. the rent or lease of the underground storage, at $4.00 an acre, the amount paid for the lease of storage rights by Columbia Gas Transmission Company to the owner of a nearby property.  Id.

Sirna opined that a typical commercial real estate capitalization rate for the area of Hardy County and Hampshire County is 8%, a rate he derived using published sources as well as actual real estate transactions.  Id.  From that, he concluded that the $4.00 annual payment per acre divided by the 8% Capitalization Rate yielded a net present value of $50.00 per acre.  Id.  Thus, it is his opinion that a one-time payment of $50.00 per acre is the value paid in the market for similar rights.

Here, Hardy condemned 121 acres as shown on Tax Map 347, Parcel 5, and 36.31 acres as shown on Tax Map 347, Parcel 9.  As

**MEMORANDUM OPINION AND ORDER**
**GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR**
**SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS**

Combs confirmed in his deposition, he owns a one-fifth remainder interest in the two properties. See dkt. no. 351, Ex. A. At a rate of $50.00 per acre, the just compensation for the total acreage is $7,865.50, and, thus, the just compensation for Combs's one-fifth interest is $1,573.10. Because Combs has failed to meet his burden of presenting admissible evidence disputing this figure, the Court concludes that a one-time payment of $1,573.10 is just compensation for the takings in case number 2:07cv5, the underground storage case.

### C. Pre-Judgment Interest

In addition to the amount of just compensation ordered in each case, Hardy must pay prejudgment interest on those amounts from the date of the condemnation in each case, April 12, 2006 in the pipeline easements case, and March 28, 2007 in the underground storage case, to the date of judgment, March 31, 2009. See U.S. v. Eltzroth, 124 F.3d 632, 638 (4th Cir. 1997) ("The date of taking 'fixes the date as of which the land is to be valued and the Government's obligation to pay interest accrues.'" (quoting U.S. v. Dow, 357 U.S. 17, 22 (1958)). No federal law establishes the appropriate procedure for determining what interest rate applies, and district courts may exercise discretion in this area. See Washington Metro. Area Transit Authority v. One Parcel of Land in

**MEMORANDUM OPINION AND ORDER**
**GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR**
**SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS**

Montgomery Co., Md., 706 F.2d 1312, 1322 (4th Cir. 1983)("The choice of an appropriate rate of interest is a question of fact, to be determined by the district court . . . .").

Here, the Court concludes that the "Current Value of Funds" rate, established by the United States Department of Treasury, for the date of the condemnation establishes a reasonable rate of interest. See Financial Management Service, A Bureau of the United States Department of the Treasury, Treasury Current Value of Funds Rate, http://www.fms.treas.gov/cvfr/index.html (last visited March 27, 2009). This rate is "used to calculate interest on overdue Federal Government receivables and to determine the effectiveness of taking cash discounts . . . on Government payments." Id. The Current Value of Funds rate in effect for both April 2006, when the Court granted condemnation in the pipeline easements case, and for March 2007, when the Court granted condemnation in the underground storage case, was four percent (4.0%). Id.

This interest rate will be compounded annually to fully compensate Combs for the condemnation. See Cement Div., National Gypsum Co. v. City of Milwaukee, 144 F.3d 1111, 1116 (7th Cir. 1998)("It is, of course, settled in the case law that compounding of prejudgment interest is acceptable."). To calculate the

**MEMORANDUM OPINION AND ORDER**
**GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR**
**SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS**

prejudgment interest, using a 4% interest rate and compounding annually, the Court will use the following formulas:

$$fj = j \times m$$

and

$$m = (1 + r/n)^{nT}$$

Knoll, Michael S., <u>The Calculation of Prejudgment Interest</u>, University of Pennsylvania Law School: Scholarship at Penn Law (2005), http://lsr.nellco.org/upenn/wps/papers/120 (hosted by Berkeley Electronic Press)(last visited February 11, 2009). In these equations, the variables represent the following:

        fj - Final Judgment (just compensation plus prejudgment
             interest)
        j -  Judgment (amount of just compensation)
        m -  multiplier (for calculating compounded interest)
        r -  Prejudgment Interest Rate
        T -  Prejudgment period
        n -  Frequency with which interest is compounded

<u>Id.</u>

After applying these formulas to the cases at hand, the Court concludes that the appropriate amount of prejudgment interest for the takings in case number 2:06cv7, the pipeline easement case, is $144.00 and, therefore, the total judgment in that case is $1,344.00. The prejudgment interest for the taking in case number 2:05cv7, the underground storage case, is $125.85 and, thus, the total judgment in that case is $1,698.95.

## MEMORANDUM OPINION AND ORDER
### GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
### SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

### IV.   CONCLUSION

For the reasons stated, the Court **GRANTS** Hardy's motion for summary judgment (Case No. 2:06cv7, dkt. no. 167; Case No. 2:07cv5, dkt. no. 351), **DENIES** Combs's motion to deny summary judgment, (Case No. 2:06cv7, dkt. no. 178; Case No. 2:07cv5, dkt. no. 366) and **ORDERS** Hardy to pay Combs **$1,344.00** in civil action 2:06cv7 as just compensation for Combs's one-fifth interest in 0.75 acres condemned by Hardy for a permanent easement, 1.12 acres condemned for a temporary construction right-of-way, as well as 0.97 acres of temporary, non-exclusive access to an existing road, and 1.02 acres of permanent, non-exclusive access to another existing road.  It further **ORDERS** Hardy to pay Combs **$1,698.95** in compensation in civil action number 2:07cv5 for its condemnation of an exclusive easement to store gas in the Oriskany formation underlying Combs's property.  These figures represent the just compensation for those takings, as well as prejudgment interest on those awards.

The Court further notes that, as a condition of its motion, Hardy has stipulated that it will not take any part of the existing garage which is situated along one of the existing roads on Combs's property for which Hardy has condemned non-exclusive access.  The Court considers Hardy bound by this stipulation.

21

MEMORANDUM OPINION AND ORDER
GRANTING HARDY STORAGE COMPANY, LLC'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT LEON DALTON COMBS

If payment of either award is not made within ten (10) business days of the date of this Order, post-judgment interest will begin to accrue. As this is the sole remaining issue pertaining to Leon Combs in the civil actions numbered 2:06cv7 and 2:07cv5, the Court **DISMISSES WITH PREJUDICE** the portion of those cases involving the property interests of Combs. Moreover, as this is the sole remaining issue in both civil actions numbered 2:06cv7 and 2:07cv5, the Court **ORDERS** those cases **DISMISSED WITH PREJUDICE** and stricken from its docket.

Pursuant to Federal Rule of Appellate Procedure 4, any party seeking to appeal this judgment must file a notice of appeal with the Clerk of the District Court within 30 days following the date of this Order. Such notice must conform to the requirements set out in Federal Rule of Appellate Procedure 3. Failure to timely file such notice waives the party's right of appeal. Id.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and all pro se parties, by certified mail, return receipt requested.

DATED: March 31, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE